## Warder, Bushnell & Glessner Co. v. James M. Cummins and Robert Cummins.

1. PARTIES—*Beneficiaries Under Simple Contracts.*—When one is the party solely to be benefited by the performance of a simple contract, he may maintain a suit thereon in his own name, although not one of the contracting parties.

2. CONTRACTS—*For the Benefit of Third Persons—Breaches.*—Where one, for a sufficient consideration, enters into a contract with another, and, by the terms of the contract, undertakes to pay or perform to a third party, such party can maintain an action in his own name for a breach of such contract.

Assumpsit.—Breach of contract. Appeal from the Circuit Court of Jasper County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1897. Reversed and remanded. Opinion filed March 1, 1898.

CALLAHAN, JONES & LOWE, attorneys for appellant.

As a general rule strangers can not sue on a contract. Exceptions to this rule, however, exist in certain cases; as, where the principal object of the contract between the promisor and the promisee is a benefit to a third person, he may sue upon it; so where property is put in the hands of one who promises to deliver it or pay out of it to a third person, and similar cases.

The right of a third party to maintain assumpsit on a promise not under seal, made to another for his benefit, although much controverted, is now the prevailing rule in this country. Hendrick v. Lindsay, 93 U. S. 143.

There are confessedly many exceptions to the general rule. One of them, and by far the most frequent one, is the case where, under a contract between two persons, assets have come to the promisor's hands or under his control, which in equity belong to a third person. In such case, it is held, the third person may sue in his own name. National Bank v. Grand Lodge, etc., 98 U. S. 123.

Another exception is where the plaintiff is the beneficiary solely interested in the promise, as where one person contracts with another to pay money or deliver some valuable thing to a third.

Where one enters into a simple contract with another for the benefit of a third, such third person may maintain an action for breach, and such contract is not within the statute of frauds. Eddy v. Roberts, 17 Ill. 505; see also Beasley v. Webster, 64 Ill. 465; Brown v. Strait, 19 Ill. 88; Bristow v. Lane, 21 Ill. 194; Rabbermann v. Wiskamp, 54 Ill. 179; Snell v. Ives, 85 Ill. 279.

GIBSON & JOHNSON, attorneys for appellees.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE OPINION OF THE COURT.

This was an action commenced by appellant against appellees before a justice of the peace and appealed to the Circuit Court of Jasper County, where a trial was had by jury and verdict returned for defendants. Motion by plaintiff for new trial overruled and judgment on the verdict for defendants for costs. Plaintiff excepts and brings the case to this court by appeal.

The testimony in this case shows that James Morris was a resident local agent of appellant at Hidalgo, in Jasper county, Illinois, for the sale of its Champion harvesting machines; that J. C. Stocks was a traveling agent of appel-

lant for the same purpose, and that appellees were farmers residing within a few miles of Hidalgo.   Morris and Stocks, in pursuance of their business as agents of appellant, visited appellees for the purpose of selling them, on behalf of appellant, one of its machines, and after some negotiation procured from appellees an order.   That portion of the order material to any issue raised on the record in this case is as follows:

Order for Champion Harvesting Machines.

HIDALGO, ILL., May 25, 1896.

MR. JAMES MORRIS.

(Full name of local agent here.)

You are hereby authorized to procure for me one Champion binder, six feet cut, complete, on or before harvest 1896, for which I agree to pay you $125; payable $40 on the first day of September, 1896; $40 on the first day of September, 1897; $45 on the first day of September, 1898, with six per cent interest on the last two notes from August 1, 1896; and also agree, upon receipt of machine or at any time thereafter, when demanded, to give approved notes payable to the order of the Warder, Bushnell & Glessner Co., in settlement therefor.   (The remaining portion of the order is concerning warranty, tests, notice, acceptance, rescission, etc., none of which are material to any issue presented to us.)   The order was signed by appellees.

In pursuance of this order appellant, about June 20, 1896, delivered the machine to appellees, and some time thereafter appellant, through its general agent, W. G. Johnston, accompanied by the agent, James Morris, whose name appears in the order, demanded of appellees, in settlement, notes for the amounts specified in the order payable as therein specified; and appellees refused to give it such notes or in any manner to settle with appellant.

Upon the trial, the court excluded from the jury this order and refused to allow the jury to consider it as evidence in the case.

The evidence clearly shows that the contract expressed in the order was made in pursuance of the business of appel-

lant, for and on behalf of appellant, for the sole benefit of appellant, by one whom appellees at the time knew to be an agent of appellant, and whom they knew to be in that transaction acting in pursuance of such agency.   It is apparent from an inspection of the order that all the payments therein to be made by appellees were to be evidenced by notes payable to the order of appellant, and that appellees were, upon demand, after the delivery of the machine, to give such notes. The machine was delivered and thereafter a proper demand for the notes was made, and upon the trial and here the only defense insisted upon was and is, that the order is a contract with Morris, and that appellant can not maintain an action in its own name for a breach of it.

Treating this order as a contract between appellees and Morris the performance of it on appellees' part is solely for the benefit of appellant, and also by its terms, when properly construed, it provides that performance on the part of appellees shall be to appellant.   It has long been well settled law that where one is the party solely to be benefited by the performance of a simple contract he may maintain suit thereon in his own name, though not one of the contracting parties; and that where one for a sufficient consideration enters into a contract with another, and by the terms of the contract undertakes to pay or perform to a third party, such third party can maintain an action in his own name for a breach of such contract.

The court erred in excluding the order from the jury, and the instruction given for appellee tended to mislead the jury, as did also the modification of plaintiff's instruction.   For these errors the judgment of the Circuit Court is reversed and cause remanded.